IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| NATHANIEL WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>MAJOR DAVID CODDINGTON, CO JASON BOWDICH, CAPTAIN JONATHAN MCDONOUGH, CO BRIAN DUPAIN, CO RHONDA DUPAIN, CO JOSHUA GREEN, CO NICHOLAS MERCER, WARDEN JEFF FEWELL, PRIMECARE, INC., WASHINGTON COUNTY, CO. COLT WHITE, CO JOSEPH HARTUNG,<br><br>Defendants, | ) | Civil Action No. 2:25-CV-858-CCW-CBB<br><br>United States District Judge Christy Criswell Wiegand<br><br>United States Magistrate Judge Christopher B. Brown |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

## I. Recommendation

Plaintiff Nathanial Wilson ("Wilson") initiated this civil rights action pursuant to 42 U.S.C. § 1983 alleging he received inadequate medical care during his incarceration at Washington County Correctional Facility from 2023-2025. ECF No. 1-1. He names McDonough, Coddington, Bowdich, Dupain, Green, White, Hartung, Mercer, Fewell, and Washington County ("Washington County Defendants") as well as PrimeCare, Inc. ("PrimeCare") as Defendants in this action. Wilson initially brought this action in the Court of Common Pleas of Washington County on March 21, 2025. ECF No. 1-2. The

Washington County Defendants removed the action to the United States District Court for the Western District of Pennsylvania on June 20, 2025. ECF No. 1. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.[1]

Pending before the Court are two Motions to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) filed by PrimeCare (ECF No. 8) and the Washington County Defendants (ECF No. 11). Wilson was ordered to file his Opposition by August 22, 2025, but failed to do so. ECF No. 13. Wilson also did not respond to the Court's Order to Show Cause by the October 10, 2025 deadline, ECF No. 19, and has not participated in this case since he filed discovery requests on June 27, 2025. ECF No. 3.

For the reasons below, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b) Motions to Dismiss (ECF Nos. 8, 11) as moot, and dismiss Wilson's claims with prejudice.

## II. Report

Wilson initiated this civil rights action against Defendants on March 21, 2025. ECF No. 1-2. He is proceeding *pro se* and *in forma pauperis*. ECF No. 1-3 at 2. Wilson alleges Defendants did not provide him with adequate healthcare during his incarceration at Washington County Correctional Facility from 2023-2025. ECF No. 1-2. He brings claims for retaliation and deliberate indifference against the individual defendants, as well as *Monell* claims against PrimeCare and Washington County. *Id.*

---

[1] This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Wilson has now seemingly abandoned his claims. Wilson missed multiple deadlines and opportunities to respond to the Defendants' Motions to Dismiss and missed the Court's Deadline to Show Cause. Wilson also missed the Court's deadline to provide consent forms by August 22, 2025. ECF No. 14.

On July 8, 2025, the Court set the Briefing Schedule on Defendants' Motions to Dismiss and gave Wilson until August 22, 2025 – forty-five days – to respond to the Motions to Dismiss. ECF No. 13. Wilson missed the August 22, 2025 deadline without an explanation or request for extension. On September 10, 2025, the Court then directed Plaintiff to show cause by October 10, 2025 – seven weeks from his original deadline – for his failure to respond to Defendants' Motions to Dismiss. ECF No. 19. Wilson missed that deadline as well, with no further communication to the Court.

Wilson has not taken any action in this case in nearly five months since he filed a First Request for Production of Documents on June 27, 2025. ECF No. 3. Wilson is not incarcerated, and has an email address associated with his ECF account. In addition to receiving the Court's Orders via his email address, the Court has also mailed him paper copies of each of its Orders.

After nearly five months of inaction, Wilson's failure to respond to Defendants' Motions to Dismiss and failure to respond to the Court's Order to Show Cause reflects his lack of prosecution of this case. A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute. *Link v. Wabash R.*

*Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Fed. R. Civ. P. 41(b) states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute even if the plaintiff is proceeding pro se. The Sixth Circuit Court of Appeals has stated that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to prosecute is not the same as "inartful pleading or [a] lack of legal training." *Id.* at 110.

The Third Circuit Court of Appeals laid out factors that a court must consider when determining whether a case should be dismissed for the plaintiff's failure to prosecute in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*

Based on these factors, it is respectfully recommended that this case be dismissed for Wilson's failure to prosecute. The first five factors all weigh heavily in favor of dismissal. Because Wilson is proceeding pro se, "the responsibility of moving the case forward lies with him." *Cravener v. McClister*, No. 2:23-CV-00355, 2023 WL 7168929, at *3 (W.D. Pa. Oct. 9, 2023), *report and recommendation adopted*, No. CV 23-355, 2023 WL 7166475 (W.D. Pa. Oct. 31, 2023). And yet, Wilson has not participated in this case in nearly five months.

Wilson has been non-responsive to the Court's Orders. The Court cannot rule on the pending Rule 12(b) Motion to Dismiss if it cannot reach the Plaintiff, nor can Defense Counsel engage in discovery. The case simply cannot move forward with a non-responsive Plaintiff. Additionally, under factor five, there are no alternative sanctions which would adequately punish Wilson for his failure to prosecute his case; imposing a monetary sanction against Wilson who is proceeding *in forma pauperis* would not be effective as he appears impecunious.

Only factor six is neutral. The Defendants' pending Rule 12(b) Motions to Dismiss have not been fully briefed, so it is unclear at this stage whether Wilson's claims would survive dismissal. It is also not apparent whether his claims would survive summary judgment even if they should survive the motion to dismiss stage. But not all the *Poulis* factors "need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

On balance, five factors weigh heavily in favor of dismissal and only one factor is neutral. Given this, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b) Motions to Dismiss as moot (ECF Nos. 8, 11), and dismiss Wilson's claims with prejudice.

## III. Conclusion

Based on the above, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Motions to Dismiss (ECF Nos. 8, 11) as moot, and dismiss Wilson's claims with prejudice pursuant to Fed. R. Civ. P. 41(b).

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the District Court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation, or by **December 15, 2025**. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983)). *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 1st day of December, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC: United States District Judge
Christy Criswell Wiegand

NATHANIAL WILSON
115 Ford Street
Washington, PA 15301
Email: valleycide@gmail.com

All counsel of record, *via ECF*